IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PHILLIP L. ODOM,
    Petitioner,

vs.                                            Case No. 3:08cv454/LAC/EMT

SHERIFF WENDELL HALL, et al.,
    Respondents.
_____/

## ORDER, REPORT AND RECOMMENDATION

        Petitioner commenced this action by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1).  Petitioner has also filed a Motion for Leave to Proceed in Forma Pauperis (Doc. 2), which shall be granted.

        According to the petition, Petitioner is currently incarcerated awaiting trial and sentencing in the Circuit Court for Santa Rosa County, Florida, on charges of assault on a law enforcement officer and battery on a law enforcement officer (*see* Doc. 1 at 1, 2).  Petitioner claims he is being unlawfully incarcerated based upon the following grounds:  (1) Petitioner was not given a Miranda warning, (2) Petitioner's counsel is ineffective, (3) the trial judge refuses to terminate Petitioner's counsel, (4) Petitioner's counsel obtained a waiver of Petitioner's right to a speedy trial by misrepresenting the document he asked Petitioner to sign, (5) Petitioner's counsel failed to subpoena videotapes from the scene of Petitioner's arrest, and (6) the Sheriff's Department will not conduct an internal investigation of "what actually happened" (*id.* at 3).  Petitioner seeks dismissal of the charges or an order requiring the Santa Rosa County Jail to give him access to legal materials, apparently to enable him to conduct his own research for his defense (*see id.* at 6).

        It plainly appears on the face of the petition that Petitioner is not entitled to habeas relief in this court; therefore, the petition should be denied.  Pursuant to Younger v. Harris, 401 U.S. 37, 91

S. Ct. 746, 27 L. Ed. 2d 669 (1971) and Samuels v. Mackell, 401 U.S. 66, 91 S. Ct. 764, 27 L. Ed. 2d 688 (1971), federal courts should abstain from granting injunctive or declaratory relief affecting a state criminal prosecution absent a showing of: (1) evidence of bad faith prosecution, (2) irreparable injury if abstention is exercised by the federal court, or (3) the absence of an adequate alternative state forum where the constitutional issues can be raised. Hughes v. Attorney General of Florida, 377 F.3d 1258, 1263 (11th Cir. 2004) (citing Younger, 401 U.S. at 45, 53–54). Subsequent decisions have refined Younger to state that the exceptions occur only when the prosecution is brought expressly to harass the defendant or otherwise in bad faith, or when the statute under which the defendant is charged is clearly and flagrantly unconstitutional. *See* Trainor v. Hernandez, 431 U.S. 434, 447, 97 S. Ct. 1911, 1919, 52 L. Ed. 2d 486 (1977); Huffman v. Pursue, Ltd., 420 U.S. 592, 611, 95 S. Ct. 1200, 1212, 43 L. Ed. 2d 482 (1975); The News-Journal Corp. v. Foxman, 939 F.2d 1499, 1507–09 (11th Cir. 1991); Redner v. Citrus County, 919 F.2d 646, 650 (11th Cir. 1990).

Furthermore, irreparable injury does not include injury which is incidental to every prosecution brought lawfully and in good faith. *See* Kugler v. Helfant, 421 U.S. 117, 123–25, 95 S. Ct. 1524, 1530–31, 44 L. Ed. 2d 15 (1975) (citing Younger, 401 U.S. at 46). Irreparable injury exists if the statute under which a defendant is being prosecuted is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or if unusual circumstances exist that would call for equitable relief. Younger, 401 U.S. at 53–54 (citing Watson v. Buck, 313 U.S. 387, 402, 61 S. Ct. 962, 967, 85 L. Ed. 1416 (1941)). The Eleventh Circuit has emphasized the narrowness of the irreparable injury exception to the Younger doctrine. *See, e.g.*, Butler v. Ala. Inquiry Comm'n, 245 F.3d 1257, 1265 (11th Cir. 2001) ("Also, while we today make no decision about the constitutionality of Alabama's judicial canons, we doubt that Canon 7(B)(2) patently or fragrantly violates the Constitution 'in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it.'") (citation omitted); Kolski v. Watkins, 544 F.2d 762, 766 (5th Cir. 1977) ("The statute in this case, challenged as facially unconstitutional by the Petitioner, is certainly of questionable validity. But we certainly cannot say at this stage that this statute is 'flagrantly and patently violative of express constitutional

prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it.' As in <u>Younger</u>, 'the possible unconstitutionality of a statute "on its face" does not in itself justify an injunction against good-faith attempts to enforce it . . . '") (citations omitted).[1]

In the instant case, Petitioner does not allege that his prosecution for assault and battery on a law enforcement officer were brought to harass him or otherwise motivated by bad faith. Furthermore, Petitioner has failed to show that he is entitled to review under the "irreparable injury" exception. For example, he does not allege that the criminal statutes under which he is being prosecuted are "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it." Additionally, to the extent Petitioner asserts a speedy trial claim, by virtue of his assertion that his counsel obtained a speedy trial waiver through misrepresentation, federal review is unavailable. The Supreme Court held that there is an important distinction between a petitioner who seeks to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes" by litigating a speedy trial defense to a prosecution prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial. <u>Smith v. Hooey</u>, 393 U.S. 374, 89 S. Ct. 575, 21 L. Ed. 2d 607 (1969). This distinction turns upon the type of relief sought: an attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type, while an attempt to force the state to go to trial is of the second. *See* <u>Brown v. Estelle</u>, 530 F.2d 1280, 1282 (5th Cir. 1976). If Petitioner wishes to have the trial court barred from bringing the charge against him, the Supreme Court has ruled that federal habeas corpus review is unavailable to adjudicate the substance of affirmative defenses that a petitioner may raise during the state criminal trial. <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484, 489–90, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973); *see also* <u>Georgalis v. Dixon</u>, 776 F.2d 261, 262 (11th Cir. 1985). In the instant case, Petitioner seeks relief in the form of dismissal of the charges (*see* Doc. 1 at 6), thus his speedy trial claim is in the nature of an affirmative defense to the state criminal charges. Since Petitioner's criminal charges have yet to be heard, Petitioner has not yet had the opportunity to raise his speedy trial affirmative

---

[1] In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions rendered before October 1, 1981.

Case No.: 3:08cv454/LAC/EMT

defense.  Therefore, Petitioner's federal habeas claim cannot be heard in federal court.  To rule otherwise would be to violate the long-standing policy against interfering with state court proceedings.

For the aforementioned reasons, this court should refrain from assuming jurisdiction over Petitioner's claims.

Finally, the clerk of court brought to the court's attention a sealed envelope addressed to "FBI Office, Local Branch, Pensacola, Fla.," with postage affixed, which Petitioner enclosed with his petition and apparently desires the clerk's office to mail for him.  This is inappropriate.  It is not the function of the clerk of court to mail correspondence on behalf of parties.  Therefore, the court will direct the clerk to return the envelope to Petitioner.

Accordingly, it is **ORDERED**:

1. Petitioner's motion to proceed in forma pauperis (Doc. 2) is **GRANTED**.

2. The clerk shall return to Petitioner the envelope addressed to the Federal Bureau of Investigation.

And it is respectfully **RECOMMENDED**:

That the petition for writ of habeas corpus (Doc. 1) be **DISMISSED** without prejudice on the ground that the abstention doctrine set forth in Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971) applies.

At Pensacola, Florida, this 20th day of October 2008.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**